Ira S. Sacks
AKERMAN LLP
666 Fifth Avenue, 20th Floor
New York, New York 10103
Tel. (212) 880-3800
Fax (212) 905-6458
Email: ira.sacks@akerman.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COMMITTEE FOR THE ADVANCEMENT OF TORAH D/B/A OK KOSHER CERTIFICATION,<br><br>Plaintiff,<br><br>-against-<br><br>TERRAFINA LLC and JAMES LOCKE,<br>Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Committee for the Advancement of Torah d/b/a OK Kosher Certification ("OK Kosher" or "Plaintiff"), for its Complaint for breach of contract, trademark counterfeiting, trademark infringement and related claims against Terrafina LLC ("Terrafina") and James Locke ("Locke", and with Terrafina, "Defendants"), alleges on knowledge as to Plaintiff's own acts and otherwise on information and belief, as follows:

**NATURE OF THE ACTION**

1. This is a civil action for counterfeiting in violation of 15 U.S.C. § 1114; trademark infringement in violation of 15 U.S.C. § 1114; false designation of origin in violation of 15 U.S.C. § 1125(a); and related breach of contract, state and common law claims (the "Action"). Plaintiff seeks permanent injunctive relief, actual or statutory damages, recapture of profits, reasonable attorney's fees and costs and further relief as this Court deems just and proper.

## PARTIES

2.  Plaintiff OK Kosher is a New York religious corporation, located at 391 Troy Avenue, New York, New York 11213.

3.  Terrafina is a limited liability corporation organized under the laws of the State of New York, with its principal place of business at 491 Oak Street, East Stroudsburg, PA 18301.

4.  Locke is an individual who owns, dominates, directs and controls all of the wrongful activity of Terrafina set forth herein, with a place of business at 491 Oak Street, East Stroudsburg, PA 1830.

5.  Defendants are doing business in New York and in this District, and have engaged in the tortious acts alleged herein in New York and in this District.

## JURISDICTION AND VENUE

6.  This is an action for trademark counterfeiting, trademark infringement and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et. seq.*, as amended (the "Lanham Act"), and for breach of contract, and unlawful and deceptive acts and practices under the laws of the State of New York.

7.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), (b); and 15 U.S.C. §§ 1116, 1121. This Court has jurisdiction over Plaintiff's claims for breach of contract and unlawful and deceptive acts and practices under the laws of the State of New York pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367.

8.  This Court has personal jurisdiction over Defendants on consent and because Defendants conduct business in New York and in this District and/or purposely target and/or direct its activities at the State of New York and this District.

9.  Venue is proper in this District on consent and pursuant to 28 U.S.C. § 1391

because Defendants conduct business in this District and a substantial part of the events or omissions giving rise to the Action occurred in, and caused damage to Plaintiff in, this District.

## PLAINTIFF'S TRADEMARKS

10.     Donel Corporation, a New York Corporation, located at 391 Troy Avenue New York New York 11213, is the owner of, and OK Kosher is the exclusive licensee of, the following Certification Mark (the "OK Kosher Mark"), registered on the Principal Register of the United States Patent and Trademark Office, Registration No. 2,094,030.



11.     The OK Kosher Mark is exclusively used by OK Kosher for kosher certification of food products.  OK Kosher has the exclusive right to enforce the OK Kosher Mark and preclude products from using the OK Kosher Mark that have not been certified by it.

12.     The OK Kosher Mark certifies that the goods or services and the ingredients, as well as the mode and manner of manufacture, handling and packaging, and the wrappings, and other containing materials, meet all requirements of the Mosaic Code and biblical requirements, so as to qualify them for Orthodox Jewish use and consumption, and thus of kosher quality.

13.     Consumers of kosher products rely on certification by OK Kosher to ensure that products are, in fact, qualified by them for Orthodox Jewish use and consumption, and are of kosher quality.  OK Kosher takes protection of the legal rights in its Certification Mark, and consumers who rely upon the certification it represents, very seriously.

## DEFENDANTS BREACH OF CONTRACT

14.     Effective January 24, 2012, Terrafina entered into an agreement with OK Kosher pursuant to which OK Kosher agreed to certify certain Terrafina products as Kosher if, and only

if, Terrafina met certain conditions and standards. That agreement was amended, by rider dated March 20, 2018. The agreement, as amended, is referred to herein as the "Agreement."[1]

15. Since 2012, Terrafina has repeatedly breached the Agreement. OK Kosher has counseled Terrafina on corrections and worked with Terrafina repeatedly on compliance, to no avail. At no time did OK Kosher waive any one or more of the breaches.

16. For example, and not by way of limitation:

   a. Terrafina labeled MercoKosher prunes with the OK Kosher Mark despite notice not to do so.

   b. Cajun Hot Mix, a dairy product, was mislabeled with the plain OK Kosher Mark. Terrafina was unresponsive to notice and took a long time to correct this serious error.

   c. Terrafina has been repeatedly been warned about its lax measures for label and program adherence. For example, in December 2017, Terrafina was informed that "mislabeling issues Terrafina has had throughout the years has not abated, and it's gotten to the point where just in the past month, one non-kosher product was labeled kosher and several kosher dairy products were labeled kosher pareve. While the decision to maintain kosher certification is entirely yours, once you've decided to be kosher certified, you need to commit the necessary resources that will enable you to conform to the kosher program and contract requirements."

   d. Terrafina has ignored requests for data to confirm compliance with the Agreement for weeks, if not months, at a time.

   e. Terrafina has mislabeled numerous products for Jubilee, and this was only corrected after a consumer alerted OK Kosher to the numerous errors.

---

[1] A prior agreement, effective August 28, 2007, for a different facility, is not at issue in this litigation.

47407334;2

17. As a result of Terrafina's numerous and ongoing breaches of the Agreement, OK Kosher notified Terrafina on November 19, 2018 that the Agreement and Terrafina's rights under the Agreement were terminated, both effective immediately.

18. Terrafina was in Default under Section 9(b) of the Agreement. As a result, following the termination notice, Terrafina was required to comply with Section 10(a) of the Agreement, including but not limited to immediately stopping the manufacturing, producing, marketing, selling and/or distributing products in any wrapper, container or packaging or using any labels bearing the OK Kosher Mark or any other form of OK Kosher certification. Terrafina did not do so. That was a further breach of the Agreement. It was also willful counterfeiting and willful trademark infringement.

19. As a result, on December 13, 2018, OK Kosher, by counsel, sent a cease and desist letter to Terrafina, a copy of which is attached hereto as Exhibit A.

20. Terrafina continued to breach the Agreement, and continued to engage in willful counterfeiting and willful trademark infringement by manufacturing, producing, marketing, selling and distributing products in any wrapper, container or packaging or using any labels bearing the OK Kosher Mark or any other form of OK Kosher certification.

21. Under the Section 11(d) of the Agreement, after the November 19, 2018 termination, Terrafina was permitted in certain limited circumstances to continue to sell products bearing the OK Kosher Mark for a reasonable period of time (in no event to exceed ninety (90) days), but not to continue to produce products bearing the OK Kosher Mark. Inspection indicated that, in an additional violation of the Agreement, Terrafina continued to produce new products bearing the OK Kosher Mark.

22. As a result, on December 26, 2018, OK Kosher, by counsel, sent Terrafina a

47407334;2

further cease and desist letter, attached hereto as Exhibit B, pointing out that Terrafina had ignored the December 13, 2018 letter and that, in further violation of the Agreement, Terrafina had continued to manufacture and/or package product using the OK Kosher Mark. As a result of that breach, Terrafina's sell-off rights, if any existed to begin with, were terminated.

**DEFENDANTS WILLFUL COUNTERFEITING AND TRADEMARK INFRINGEMENT**

23.  Terrafina has, since November 19, 2018, been making, producing, marketing, selling and/or distributing products using a counterfeit of the OK Kosher Mark, despite the fact that it had no right to continue to use the OK Kosher Mark.

24.  All of that illegal conduct has been dominated, directed and controlled by Defendant Locke.

25.  Consumers of Defendants' products have been actually confused by Defendants' use of the OK Kosher Mark.

26.  Defendants have achieved sales and profits as a result of their continued illegal use of the OK Kosher Mark. It is unjust to allow Defendants to retain those gains.

27.  Despite demand that Defendants cease the use of the counterfeit of the OK Kosher Mark on its products immediately, Defendants have continued, since November 19, 2018, manufacturing, marketing, selling and/or distributing products using a counterfeit of the OK Kosher Mark (collectively, the "Illegal Products").

28.  The foregoing registration of the OK Kosher Mark is valid, subsisting, unrevoked and uncancelled, and has achieved incontestable status pursuant to 15 U.S.C. § 1065.

29.  Plaintiff did not inspect or certify the Illegal Products as kosher and did not approve the Illegal Products for sale or distribution.

30.  Defendants' illegal counterfeiting and infringing actions alleged herein, and Defendants' use of marks identical to, substantially indistinguishable from, and/or confusingly

similar to, U.S. Reg. No. 2,094,030 on or in connection with the offering for sale and sale of the Illegal Products: (i) are likely to cause and has caused confusion, mistake and deception by and among the consuming public that all such goods are certified by OK Kosher; (ii) are likely to cause and has caused confusion, mistake and deception by and among the consuming public that there is some affiliation, connection or association of the Illegal Products with OK Kosher; and/or (iii) are likely to cause and has caused confusion, mistake and deception by and among the consuming public that the Illegal Products are being offered with the sponsorship or approval of Plaintiff.

31. Defendants offered for sale and sold, supplied and/or manufactured the Illegal Products knowing that the Illegal Products bore infringements and counterfeits of the OK Kosher Mark, or willfully ignored whether the goods bore infringements and counterfeits of the OK Kosher Mark. Defendants engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said goods and, to gain to Defendant, the benefit of the goodwill associated with products bearing the OK Kosher Mark.

32. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff and to consumers who rely on the certification signified by the OK Kosher Mark.

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT
(Against Terrafina)

33. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 32 above as if fully set forth herein.

34. Plaintiff fully performed its material obligations under the Agreement.

35. Terrafina breached its material obligations under the Agreement, without excuse or waiver.

36. As a result, the Agreement was validly terminated by OK Kosher.

37. Despite that termination, Terrafina continued to breach the Agreement.

38. As a result, OK Kosher has been damaged in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF
## FEDERAL TRADEMARK COUNTERFEITING
## (15 U.S.C. § 1114)
(Against All Defendants)

39. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 38 above as if fully set forth herein.

40. The Illegal Products use marks that are identical to or substantially indistinguishable from U.S. Reg. No. 2,094,030.

41. Defendants' manufacture, distribution, offer for sale and/or sale of the Illegal Products was without Plaintiff's authorization or consent.

42. Defendants' manufacture, distribution, offer for sale and/or sale of the Illegal Products was knowing and intentional, with knowledge of both Plaintiff's well-known and prior rights in the OK Kosher Mark and the fact that Defendant's Illegal Products bear marks which are identical to or substantially indistinguishable from U.S. Reg. No. 2,094,030.

43. Defendants have engaged in intentional and willful trademark counterfeiting in violation of 15 U.S.C. § 1114.

44. As a direct and proximate result of Defendants' actions alleged herein, Defendants have caused substantial and irreparable injury and damage to Plaintiff and its valuable OK Kosher Mark for which Plaintiff has no adequate remedy at law.

45. Unless Defendants' actions are immediately enjoined, Defendants will continue to cause damage to Plaintiff and their valuable OK Kosher Mark and Plaintiff will continue to

suffer irreparable harm and injury.

46. Plaintiff is also entitled, election, actual damages or statutory damages in the amount of $2,000,000 per mark for each type of good in connection with which Defendants used counterfeits of the OK Kosher Mark.

47. Defendants also should be required to account for, and pay over to OK Kosher, all profits realized by their wrongful acts and such profits should be trebled because of Defendant's willful actions.

### THIRD CLAIM FOR RELIEF
### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)
(Against All Defendants)

48. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 47 above as if fully set forth herein.

49. Plaintiff is the exclusive licensee of U.S. Reg. No. 2,094,030.

50. Defendants knowingly and intentionally reproduced, copied, and colorably imitated U.S. Reg. No. 2,094,030 and applied such reproductions, copies or colorable imitations to the goods offered for sale and/or sold.

51. Defendants' actions have been deliberate and committed with knowledge of Plaintiff's exclusive rights in U.S. Reg. No. 2,094,030, as well as with bad faith and the intent to cause confusion, mistake and deception.

52. Defendants' manufacture, supply, sale and/or offer for sale of the Illegal Products, without Plaintiff's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114. Such use is likely to cause confusion, deception and mistake among the consuming public as to the source, approval or sponsorship of the Illegal Products.

53. As a direct and proximate result of Defendants' unlawful and infringing actions as

47407334;2

alleged herein, Plaintiff has suffered substantial and irreparable injury, loss and damage to its rights in and to U.S. Reg. No. 2,094,030, for which Plaintiff has no adequate remedy at law.

54. Unless Defendants' unlawful and infringing actions as alleged herein are immediately enjoined, Defendants will continue to cause damage to Plaintiff and its OK Kosher Mark and Plaintiff will continue to suffer irreparable harm and injury.

55. Plaintiff is entitled to its actual damages in an amount to be proved at trial. Defendants also should be required to account for, and pay over to OK Kosher, all profits realized by their wrongful acts and such profits should be trebled because of Defendant's willful actions.

## FOURTH CLAIM FOR RELIEF
## FEDERAL FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))
(Against All Defendants)

56. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 55 above as if fully set forth herein.

57. Plaintiff is the exclusive licensee of the OK Kosher Mark.

58. The OK Kosher Mark is inherently distinctive and/or has acquired distinctiveness.

59. Defendants' use of copies or simulations of the OK Kosher Mark in connection with Defendants' manufacture, distribution, offer for sale and/or sale of the Illegal Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the approval and/or sponsorship of the Illegal Products, and is likely to deceive the public into believing the Illegal Products being sold, offered for sale, supplied and/or manufactured by Defendants originate from, are associated with or are otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff.

60. Defendants' sale of the Illegal Products is likely to cause confusion to the general

purchasing public.

61. By misappropriating and using the OK Kosher Mark, Defendants misrepresent and falsely describe to the general public the origin and source of the Illegal Products and create a likelihood of confusion by consumers as to the certification of such merchandise.

62. Defendants' unlawful, unauthorized and unlicensed manufacture, supply, offer for sale and/or sale of the Illegal Products creates express and implied misrepresentations that the Illegal Products were authorized or approved by Plaintiff, all to Defendants' profit and Plaintiff's injury.

63. Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' manufacture, supply, offer of sale and/or sale of the Illegal Products in interstate commerce constitutes a false designation of origin.

64. As a direct and proximate result of Defendants' aforementioned wrongful actions, Defendants have caused irreparable injury to Plaintiff. Defendants, by (i) injuring the value of the OK Kosher Mark and (ii) causing loss and damage to Plaintiff's rights in the OK Kosher Mark, and have injured Plaintiff in a manner as to which Plaintiff has no adequate remedy at law.

65. Unless Defendants' unlawful actions as alleged herein are immediately enjoined, Defendants will continue to cause damage to Plaintiff and its OK Kosher Mark and Plaintiff will continue to suffer irreparable harm and injury.

66. Plaintiff is entitled to its actual damages in an amount to be proved at trial. Defendants also should be required to account for, and pay over to OK Kosher, all profits realized by their wrongful acts and such profits should be trebled because of Defendant's willful actions.

47407334;2

## FIFTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT AND UNJUST ENRICHMENT
(Against All Defendants)

67. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 66 above as if fully set forth herein.

68. The aforementioned acts of Defendants constitute trademark infringement and unjust in violation of the common law of the State of New York.

69. As a result of such misconduct, Defendants have made sales and profits that they would not have otherwise made. Therefore, Defendants have been unjustly enriched.

70. Such conduct on the part of Defendants has injured Plaintiff and has caused and threatens to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

71. Unless Defendants' unlawful actions as alleged herein are immediately enjoined, Defendants will continue to cause damage to Plaintiff and its valuable OK Kosher Mark and Plaintiff will continue to suffer irreparable harm and injury.

72. By reason of and as a direct result of such misconduct, Defendants were unjustly enriched in an amount to be determined at trial. Defendants should be required to account for, and pay over to OK Kosher, all profits realized by their wrongful acts and such profits should be trebled because of Defendant's willful actions.

## SIXTH CLAIM FOR RELIEF
## VIOLATION OF DECEPTIVE ACTS AND PRACTICES
## (N.Y. GENERAL BUSINESS LAW § 349)
(Against All Defendants)

73. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 72 above as if fully set forth herein.

74. Through Defendants' unlawful, unauthorized and unlicensed use of marks which

are identical or confusingly similar to the OK Kosher Mark in connection with the manufacture, supply, offering for sale, selling and/or otherwise dealing with the Illegal Products, Defendants have engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

75. Defendants' aforementioned conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the course of business, trade or commerce. Such conduct has deceived and materially misleads, or has a tendency to mislead the consuming public and has injured, and will continue to injure Plaintiff in violation of N.Y. Gen. Bus. Law § 349.

76. As a result of Defendants' actions alleged herein, Plaintiff has suffered, and will continue to suffer irreparable harm for which Plaintiff has no adequate remedy at law.

77. Pursuant to N.Y. Gen. Bus. Law § 349, Plaintiff is entitled to enjoin Defendants' unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Permanently enjoining and restraining Defendants, and their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

    (a) imitating, copying or making unauthorized use of the OK Kosher Mark;

    (b) manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any goods bearing any unauthorized reproduction, copy, counterfeit or colorable imitation of the OK Kosher Mark or any mark or design substantially indistinguishable from or confusingly similar to the OK Kosher Mark;

47407334;2

(c) using any unauthorized colorable imitation of the OK Kosher Mark in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any goods in such a manner as to relate or connect, or tend to relate or connect, such goods of Defendants in any way with OK Kosher or to any goods sold, sponsored, approved by, or connected with OK Kosher;

(d) engaging in any other activity constituting an infringement of the OK Kosher Mark or of OK Kosher's rights in, or its right to use or exploit such trademark, and the reputation and goodwill associated therewith;

(e) making any statement or representation whatsoever, with respect to the infringing and counterfeit goods at issue, that falsely designates the origin of the goods as those certified by OK Kosher, or that is false or misleading with respect to OK Kosher;

(f) engaging in any other activity, including, but not limited to, the effectuation of assignments or transfers of its interests in goods bearing any unauthorized reproduction, copy, counterfeit or colorable imitations of the OK Kosher Mark and/or any mark or design substantially indistinguishable from or confusingly similar to the OK Kosher Mark, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(e) above; and

(g) destroying, altering, disposing of, removing, moving, transporting, tampering with or in any manner secreting any and all business records, including invoices, correspondence, customer/purchase lists, supplier lists, books of account, receipts, art work, designs, sketches or other documentation, and equipment and related paraphernalia relating or referring in any manner to or used or which could be used in or for the manufacture, advertising,

47407334;2

receiving, supply, acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise bearing any unauthorized reproduction, copy, counterfeit or colorable imitation of the OK Kosher Mark and/or any mark or design substantially indistinguishable from or confusingly similar to the OK Kosher Mark and any other items in their possession, custody or control, including raw materials, and means of manufacture concerning the manufacturing, acquisition, importation, purchase, shipment, sales or offer for sale or distribution of said unauthorized merchandise.

2. Authorizing Plaintiff to seize, and/or directing Defendants to deliver for destruction, all goods, labels, tags, artwork, prints, signs, packages, dies, plates, molds, matrices and any other means of production, wrappers, receptacles and advertisements in their possession, custody or control bearing any unauthorized reproductions, copies, or colorable imitations of the OK Kosher Mark or any marks or designs confusingly similar thereto, either individually or in connection with other words, marks or designs.

3. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the Illegal Products manufactured, supplied, offered for sale, sold or otherwise circulated or promoted by Defendants is authorized by OK Kosher or is related to or associated in any way with OK Kosher.

4. Awarding OK Kosher its actual damages in an amount to be proved at trial.

5. Awarding OK Kosher, at its election, actual damages or statutory damages in the amount of $2,000,000 per mark for each type of good in connection with which Defendants used counterfeits of the OK Kosher Mark.

6. Requiring Defendants to account and pay over to OK Kosher, all profits realized by their wrongful acts and such profits should be trebled because of Defendant's willful actions.

47407334;2

7. Awarding OK Kosher its costs and reasonable attorneys' and investigatory fees, expenses, costs, together with pre-judgment interest.

8. Awarding OK Kosher such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 4, 2019

AKERMAN LLP

Ira S. Sacks
666 Fifth Avenue, 20th Floor
New York, NY 10103
Tel. (212) 880-3800
Fax (212) 905-6458
Email: ira.sacks@akerman.com
*Attorneys for Plaintiff*