# akerman

Ira S. Sacks

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY  10103

D: 212 880 3827
T: 212 880 3800
F: 212 880 8965
C: 917 767 7147
ira.sacks@akerman.com

December 13, 2018

**VIA FEDEX and E-MAIL** (j.locke@terrafina.us)
Mr. James Locke
Terrafina LLC
491 Oak Street
East Stroudsburg, PA 18301

Re: OK Kosher's Termination of Your Services and Certification Agreement; Infringement of Intellectual Property

Dear Mr. Locke:

This firm represents the Committee for the Advancement of Torah d/b/a OK Kosher Certification ("OK Kosher") in connection with certain intellectual property, contract and litigation matters. As you know, on November 19, 2018, OK Kosher informed you that it was terminating Terrafina LLC's ("Terrafina" or "You") Certification Agreement, dated January 24, 2012, as amended, between OK Kosher Certification and You (the "Agreement") for reasons of your numerous violations of OK Kosher Certification's Kashrus, quality control and similar requirements under the Certification Agreement. I understand that on November 20, 2018, You indicated that you "do not accept this termination" and that You are continuing to use the OK Kosher Mark on Your products. That is plainly unlawful.

In response, by email dated December 5, 2018, OK Kosher offered You a basis to continue the Agreement until May 31, 2019 on certain express conditions. You have not responded to that offer, and it has now expired.

OK Kosher had the right under the Agreement to terminate it for the reasons specified in the November 19, 2018 termination notice. Nor should you have been surprised. Your history with OK Kosher has been replete with violations and warnings. To cite a few examples, without limitation:

1. You labeled MercoKosher prunes with the OK Kosher Mark despite notice not to do so.

2. Cajun Hot Mix, a dairy product, was mislabeled with the plain OK Kosher Mark. You were unresponsive to notice and took a long time to correct this serious error.

3. You have repeatedly been warned about Your lax measures for label and program adherence. For example, in December 2017, you were informed that "mislabeling

akerman.com

47130833;3

Mr. James Locke
Terrafina LLC
December 13, 2018
Page 2

issues Terrafina has had throughout the years has not abated, and it's gotten to the point where just in the past month, one non-kosher product was labeled kosher and several kosher dairy products were labeled kosher pareve. While the decision to maintain kosher certification is entirely yours, once you've decided to be kosher certified, you need to commit the necessary resources that will enable you to conform to the kosher program and contract requirements."

4. You have ignored requests for data to confirm compliance with the Agreement for weeks, if not months, at a time.

5. You mislabeled numerous products for Jubilee, and this was only corrected after a consumer alerted OK Kosher to the numerous errors.

You were in Default under Section 9(b) of the Agreement. As a result, following the termination notice, You were required to comply with Section 10(a) of the Agreement, including to immediately stop marketing, selling and distributing the applicable OK Certified Product(s) in any wrapper, container or packaging or using any labels bearing the Trademark or any other form of OK Kosher Certification's certification (including without limitation applicable Kosher Certificates).[1] You have not done so. That is a further breach of the Agreement. It is also willful counterfeiting and willful trademark infringement.

As you know, OK Kosher is a New York-based religious corporation and is the exclusive licensee of the following Certification Mark (the "OK Kosher Mark"):



The OK Kosher Mark is registered on the Principal Register of the United States Patent & Trademark Office, Registration No. 2,094,030. The OK Kosher Mark is exclusively used by OK Kosher for kosher certification of food products. OK Kosher has the exclusive right to enforce the OK Kosher Mark and preclude products from using the OK Kosher Mark that have not been certified by it.

The foregoing willful misconduct constitutes counterfeiting in violation of 15 U.S.C. § 1114; trademark infringement in violation of 15 U.S.C. § 1114; false designation of origin in violation of 15 U.S.C. § 1125(a); and related state and common law violations; and subjects you to, *inter alia*, actual or statutory damages (of up to $2,000,000 per mark for each type of good), disgorgement of your profits and attorneys' fees.

---

[1] Under the Section 11(d) of the Agreement, You may continue to *sell* for a reasonable period of time (in no event to exceed ninety (90) days), but **_not_** continue to *produce*, stocks of applicable OK Certified Product(s) manufactured **before** termination. If You are doing so, we will inspect Your facilities during that sell-off as permitted .under the Agreement

47130833;3

Mr. James Locke
Terrafina LLC
December 13, 2018
Page 3

_____

      Accordingly, OK Kosher hereby demands that, subject to footnote 1, You immediately cease and desist from any further use of the OK Kosher Mark. Failing immediate confirmation from Your agreement to the above, OK Kosher is prepared to take all steps necessary to protect its rights and the rights of consumers, including, but not limited to, new and/or additional public warnings concerning your misuse, counterfeiting and infringement of the OK Kosher Mark and commencing legal action against you seeking an injunction and damages.  To that end, please be advised that you have an obligation to preserve (and not destroy, even inadvertently) all documents, including electronically stored information, relating to this matter. Nothing in this letter constitutes an express or implied waiver of OK Kosher's rights, remedies or defenses in connection with this matter, all of which are expressly reserved.

      I look forward to your prompt response.

cc:  OK Kosher (by email)

      Sincerely,

      *s/ Ira S Sacks*

      Ira S. Sacks

47130833;3